RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AUG 26 2024

FILED
DOCKETED _____
DATE      INITIAL

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| Kurt Benshoof and Briana Gage, Plaintiffs-Appellants, v. Moshe Admon, et al., Defendants-Appellees. | No. 24-4223<br>D.C. No. 2:23-CV-01392-JNW<br>WESTERN DISTRICT OF WASHINGTON SEATTLE<br>APPELLANT STATEMENT |

Appellants herein respond to the Court's Order, DktEntry 5.1, requiring a statement explaining why the appeal is not frivolous and should go forward.

Appellant Kurt Benshoof was unlawfully imprisoned by City of Seattle SWAT on July 3, 2024 and police unlawfully seized two computers and at least one phone from Benshoof's home church. The passwords

required for accessing Appellants' email accounts and e-filing accounts are on the seized computers, which are now located in a Seattle Police Department evidence warehouse.

For the previous forty-nine days Benshoof has been denied access to a working computer, printer and the internet, and jail staff are preventing friends and members of Benshoof's Congregation from mailing documents to Benshoof, nor can jail visitors pass any piece of paper to Benshoof. Therefore, Benshoof cannot obtain, complete, or provide the Court with an IFP form. Appellants do not have the financial means to pay the $605 filing fee.

This appeal is definitely <u>not</u> frivolous. The dismissed causes of action arose from the widespread violations of the Civil Rights Act of 1964 by public officials and private

individuals in joint action, acting under color of law of gubernatorial mask mandates. The discrimination in public accommodations and courthouses was without a compelling government interest and arbitrary and capricious on its face because defendants offered Benshoof a face shield in lieu of a face mask, yet the Washington State Department of Health and the Department of Labor and Industries had informed the public in 2020 that a face shield does nothing to prevent transmission of Covid-19.

    Seattle Police officers enabled threats of violence against Ms. Gage simply because Ms. Gage was shopping with Benshoof, despite Ms. Gage wearing a facemask. Police also allowed store employees to deny Ms. Gage service at public accommodations because Ms. Gage was associating with Benshoof.

Appellees have spent nearly four years retaliating against Benshoof through the malicious prosecutions of Benshoof for shopping at public accommodations and informing Appellees of their civil liability for their discriminatory acts.

Judge Whitehead's numerous ties to Defendant and ex-mayor of Seattle Jenny Durkan, as well as Durkan's former staff counsel, Julie Kline, present the clear appearance of conflicts of interest, and "actual prejudice to [Benshoof] need not be shown." U.S. v. Allen, 831 F.2d at 1495 (9th Cir. 1987)(quoting Cuyler). "Conflicts impermissably imperil [Plaintiffs'] right to a fair trial." Cuyler v. Sullivan, 446 U.S. 355 (1980).

Despite the fact that Benshoof's firmly held religious beliefs as a reverend proscribed him being coerced to wear a face covering as

a condition of entry to a public accommodation, City of Seattle has continued to violate the unequivocal holdings of United States Supreme Court case law by maliciously prosecuting Benshoof for allegedly "trespassing" in public accommodations by shopping sans face covering. "[C]onvictions must be vacated and the prosecution dismissed. The Civil Rights Act of 1964 forbids discrimination in places of public accommodation and removes peaceful attempts to be served on an equal basis from the category of punishable offenses." Hamm v. City of Rock Hill, 379 U.S. 306, 308 (1964)

"It is the right of equal service in [public accommodations] and the right to be free of prosecution for asserting that right—not the right to have a trespass prosecution reversed—that the present prosecutions threaten." State of Georgia v. Rachel, 384 U.S. 780, 807 (1966).

Appellants clearly and repeatedly pleaded in the district court (see 9th Cir. Nos. 24-952; 24-1958; 24-3053; U.S. No. 23A933; 23-7523)

PAGE 5 OF 8

that Appellants were denied equal protection. "If [plaintiffs] can show (1) the existence of a state-enforced custom of [denying equal protection] and (2) that the violations of Plaintiff's rights was motivated by the state-enforced custom, Plaintiff will have made out a claim under §1983." Adickes v. S.H. Kress Co., 398 U.S. 144, at 173 (1970)

King County officials then increased the retaliations against Benshoof in joint action with other perjuring defendants, who engaged in collateral and extrinsic fraud. By claiming that Benshoof posed a "credible threat" to his own minor son, A.R.W., simply because Benshoof was an "anti-masker," A.R.W. was separated from his father and all contact criminalized. "[T]he interest of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by this Court." Troxel v. Granville, 530 U.S. 57 (2000)

While King County Superior Court judges may have believed that their mask-wearing advocacy was the right thing for <u>their</u> families, "the Due Process Clause does not permit a State to infringe on the fundamental right [530 U.S. at 73] of parents to make childrearing decisions simply because a State judge believes a "better" decision could be made." Troxel v. Granville, 530 U.S. 57 (2000)

After City of Seattle officials, including defendants, conspired to file eighty-nine "domestic violence" charges and issued a $250,000 arrest warrant—because Benshoof and A.R.W. texted each other—City officials fraudulently obtained a search warrant to have SWAT break out the windows of Benshoof's home church with numerous chemical weapons grenades, falsely alleging Benshoof had weapons inside his homechurch. He did not.

In other words, Benshoof has been unlawfully imprisoned since July 3, 2024, which is exactly why Benshoof sought injunctive relief before Judge Whitehead (see D.C. Dkt. # 74, 129, 158).

Nothing in Appellants' First Amended Complaint is frivolous. Just as the United States Supreme Court ruled 9-0 to remand in Brower v. County of Inyo, 489 U.S. 593 (1989) this Court will eventually remand this case to the district court for a proper and just adjudications of Plaintiffs-Appellants meritorious claims.

DATED this 19th day of August 2024, and sworn under penalty of perjury in Kent, Washington.

_Kurt Benshoof_
Kurt Benshoof

BKG # 2024-005067
King County Correctional Facility
620 West James Street
Kent, WA 98032

PAGE 8 OF 8